UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELOS KOLOBOTOS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1625-X-BK |
| | § | |
| CITY OF DALLAS et al., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. (Doc. 15). Plaintiff Angelos Kolobotos filed an objection. (Doc. 17). The Court must conduct a *de novo* review of the portions of the FCR to which an objection was made.[1] After conducting a *de novo* review of the objected to portions of the FCR, the Court **OVERRULES** both objections. The Court reviewed the remaining portions of the FCR for plain error and found none. Lastly, the Court **FINDS AS MOOT** all other pending motions. (Docs. 20; 26; 27; 30; 32).

As an initial matter, the Court **STRIKES** everything but the first 26 pages of Kolobotos's brief under Local Civil Rules 7.1(i) and 7.2(c).[2] Kolobotos's objection is almost 200 pages long.[3] The objection document contains 69 pages and continues into

[1] 28 U.S.C. § 636(b)(1).

[2] The first page contains only the case style and title, so the Court does not count it against Kolobotos's page limit.

[3] *See* Docs. 17; 17-1; 17-2; 17-3.

three separate "appendices" that add 146 more pages of briefing.[4] The collective documents are so large that the Court's case filing system cannot even open them as a single pdf.[5] Neither the Federal Rules nor the Local Civil Rules allow for briefs this large or appendices that contain additional briefing.[6] So the Court will only consider the first 25 pages of Kolobotos's objection briefing.

In the first 25 pages of briefing, Kolobotos raises two objections. First, he argues that "the procedural deficiencies identified under Rule 41(b) have been cured or formally presented for determination and should not provide an independent basis for dismissal."[7] Second, Kolobotos argues that "the recommendation applies *Rooker-Feldman* too broadly by failing to distinguish between injuries caused by state-court judgments from alleged independent and continuing federal injuries."[8] Both objections fail.

First, Kolobotos's Rule 41(b) objection fails because the Magistrate Judge did not rest her decision on Kolobotos's failure to complete his *in forma pauperis* form or register for the electronic filing system. The Magistrate Judge simply noted that Kolobotos failed to do these things in violation of the court's orders.[9] The Magistrate

---

[4] Docs. 17; 17-1; 17-2; 17-3.

[5] In his 1995 book, *The Rainmaker*, John Grisham wrote that "[t]here are few things in life worse than a long-winded lawyer." This sentiment applies doubly to AI-written briefs.

[6] N.D. TEX. L. CIV. R. 7.1(i)(2) ("The appendix must be assembled as a self-contained document, separate from the motion, response, reply, and brief."); N.D. TEX. L. CIV. R. 7.2(c) ("Unless another local civil rule provides otherwise, a brief must not exceed 25 pages (excluding the table of contents and table of authorities).").

[7] Doc. 17 at 9.

[8] *Id.* at 16.

[9] *See* Doc. 15 at 2.

Judge stated that a Rule 41(b) dismissal would be warranted because Kolobotos violated court orders but actually dismissed the case because "[t]hat notwithstanding, the Court lacks jurisdiction over Kolobotos' complaint."[10] So the Court **OVERRULES** Kolobotos's first objection.

Second, Kolobotos's *Rooker-Feldman* objection fails because the Magistrate Judge correctly found that *Rooker-Feldman* bars his challenges to the state court vexatious litigant order and related proceedings. Federal courts have no jurisdiction over complaints where the claims and relief requested "are inextricably intertwined with a challenged state court judgment."[11] Kolobotos argues that his claims do not challenge or seek appellate review of the state court judgment, but that simply is not true.[12] Kolobotos's complaint rests on the state courts' applications of the vexatious litigant order to his attempts to bring later lawsuits—a topic inextricably intertwined with the state court judgment.[13] So the Court **OVERRULES** Kolobotos's second objection.

Having conducted a *de novo* review of the objected to portions of the FCR, and finding no error, the Court **ACCEPTS** the FCR and **ADOPTS** its findings, conclusions, and recommendation. Accordingly, the Court *sua sponte* **DISMISSES WITHOUT PREJUDICE** Kolobotos's claims against the defendants for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3). The Court further

---

[10] *Id.* at 3.

[11] *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (cleaned up).

[12] *See* Doc. 17 at 16–26.

[13] *See id.* at 20–21.

**WARNS** Kolobotos that if he persists in filing frivolous or baseless lawsuits, or lawsuits over which the Court has no jurisdiction, the Court may bar him from bringing any new actions and subject him to sanctions the Court deems appropriate.

**IT IS SO ORDERED** this 9th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE